## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MICHAL BANDER,

  Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES LLC,

  Defendant.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAL BANDER (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, EQUIFAX INFORMATION SERVICES LLC (hereafter "Equifax" also known as a "CRA"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union

LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Seminole County in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and Equifax transact business within this District.

9. Equifax is a corporation headquartered in the State of Georgia, authorized to conduct business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida, 32301.

10. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person and resident of Seminole County within the State of Florida.

13. On or about July 2020 Plaintiff discovered an American Express account being incorrectly being reported on his credit reports. Plaintiff began immediately to communicate with American Express disputing the derogatory fraudulent account.

14. Plaintiff has NEVER had an American Express account.

15. The fraudulent American Express account was showing as a "Charged-Off" with an outstanding balance of $4,320. Such remark significantly dropped Plaintiff's credit score. His credit score was at times reduced by 150 points.

16. Plaintiff also went online into Equifax's dispute services and disputed the fraudulent American Express account.

17. After several conversations with American Express, on August 20, 2020, Plaintiff received a letter from American Express pertaining to the account ending in 72022 stating, "we have taken the necessary steps to close this account and remove any derogatory information regarding this American Express account from your credit report."

18. On August 25, 2020, Plaintiff received dispute results from his online dispute (Confirmation Number 0237083535). Equifax responded as follows: "American Express 349992157918*-**Deleted**"

19. Plaintiff expected the error to be corrected within his Equifax report however he discovered the erroneous American Express account was still listed on his Equifax Credit Report.

20. Plaintiff was very upset since American Express had determined the account was fraudulent and Equifax had told him they were deleting the account, yet it was still showing in his Equifax report.

21. Trans Union and Experian were not reporting the fraudulent account and Plaintiff's credit score was over 130 points higher for both of those CRAs.

22. Sometime in September 2020, Plaintiff was upset and filed another online dispute with Equifax regarding the delinquent American Express account.

23. On September 23, 2020, Plaintiff received dispute results from his Equifax online dispute (Confirmation Number 0267050713). Equifax responded as follows: "American Express 349992157918*-**Deleted**"

24. Despite Equifax notification to Plaintiff that they were going to delete the fraudulent account, Equifax continued to report the negative account. It remained showing the "charged-off" status and the large amount past due.

25. On September 29, 2020, Plaintiff mailed a written dispute letter to Equifax via certified mail requesting for the American Express account be removed from his credit report. In the letter Plaintiff included a copy of the American Express letter that explains its removal of the derogatory information from his credit report.

26. Plaintiff also included the August 25, 2020 Equifax dispute results where it lists the American Express account was to be "Deleted". Plaintiff mailed his dispute letter to Equifax via USPS Certified Mail 70191640000210048980.

27. USPS shows that Plaintiff's dispute letter was received by Equifax on October 4, 2020. Equifax took 26 days to respond to Plaintiff's dispute.

28. On October 30, 2020, Plaintiff received dispute results (Confirmation Number 0285015656). Equifax responded as follows: "American Express 349992157918*-**Deleted and fields modified**"

29. When Plaintiff received confirmation that the American Express account was deleted, Plaintiff applied for a Capital One credit card. Unfortunately for Plaintiff, Capital One denied Plaintiff's application on November 5, 2020 based on the fraudulent negative "charged off" American Express account.

30. On November 5, 2020, Plaintiff was incredibly upset and embarrassed by the credit denial. Plaintiff obtained a copy of his Equifax credit report. Upon review, Plaintiff saw again the fraudulent American Express account still listed on his credit report. It remained listed as a closed account in a "charge off" status with a large outstanding balance.

31. Plaintiff felt helpless and was constantly upset about Equifax's reckless disregard for Plaintiff's pleas to correct his credit score. Experian and Trans Union were not reporting the American Express account.

32. On December 10, 2020, Plaintiff, again, obtained a copy of his credit report. Plaintiff noticed the American Express account still reporting the negative "charged-off" status and the "past due amount of $4,320".

33. On December 14, 2020, Plaintiff mailed a nine (9) page, very detailed dispute letter to Equifax via certified mail [70191640000210048980].

34. Plaintiff detailed every previous dispute and attached images of the results from Equifax of "Deleted" for the American Express account.

35. Plaintiff's certified mail dispute letter was received by Equifax on December 18, 2020.

36. Equifax has never attempted to contact the Plaintiff about any of his disputes. Plaintiff continues to suffer as of the filing of this Complaint with Equifax's reluctance to do any independent investigation about these fraudulent accounts.

37. Equifax has kept erroneous account on Plaintiff's credit report despite being notified by Plaintiff that was not his debt and despite American Express acknowledging that the derogatory account does not belong to Plaintiff.

38. To date, Equifax has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error.

39. Upon information and belief that American Express has directly communicated with Equifax to inform Equifax that the American Express account does not belong to Plaintiff and to delete the account from Plaintiff's credit report.

40. As for the filing of this Complaint, Plaintiff's Equifax credit report reflects the derogatory American Express account. It reflects an outstanding balance of $4,320, a date of first delinquency of March 1, 2016, a status of "CHARGED OFF ACCOUNT" and closed by credit grantor.

41. Throughout the inaccurate reporting by Equifax, Plaintiff has not had any other derogatory accounts. The damage to his credit score and ability to get credit are only based on Equifax's reckless handling of the fraudulent American Express account.

42. As a result of the inaccurate credit reporting, Plaintiff has suffered and continues to suffer damages, including, but not limited to:

   i. Monies lost by attempting to fix her credit;
   ii. Loss of time attempting to cure the error;
   iii. Mental anguish, stress, aggravation, embarrassment, and other related impairments to the enjoyment of life.
   iv. Plaintiff has suffered physical damages because of the stress created by Defendant's unwillingness to correct the negative reporting.
   v. A significant reduction of Plaintiff's credit score.
   vi. Inability to apply for any credit. Plaintiff is attempting to purchase a new vehicle, but he is unable because of Defendant's refusal to correct his credit report.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FCRA- As to Equifax)

43. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty (40) above as is fully stated herein.

44. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

45. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denial.

46. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Equifax failed to properly conduct any independent investigation regarding the erroneous reporting. Equifax had the letter from American Express stating their notice and request for removal of the fraudulent account from credit reporting agencies. Equifax was aware that the American Express account did not belong to Plaintiff and continued to report it.

47. Equifax failed to have policies and procedures to investigate the relationship of deleted addresses and accounts with disputed accounts and merely parrots back the electronic communication from the furnishers.

48. Despite Equifax repeatedly telling Plaintiff that the American Express account was "Deleted", it never deleted the account. Equifax sent the letters to Plaintiff but never revised Plaintiff's credit file and continued to report it. Equifax is still showing the fraudulent account as of the filing of this Complaint.

49. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, and EQUIFAX INFORMATION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs,

interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCRA As to Equifax)

50. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty (40) above as is fully stated herein.

51. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is not always reliable.

52. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials. Equifax was made aware of the dispute about the erroneous reporting about American Express account and refused to remove it.

53. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be

determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

54. Equifax has been aware that the negative American Express account did not belonged to Plaintiff, it purposely misinformed Plaintiff the account was deleted, and it continued to recklessly leave the American Express' account in Plaintiff's credit file.

55. The Plaintiff is entitled to recover costs and attorney's fees Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully submitted,

***/s/ Octavio "Tav" Gomez***
Octavio "Tav" Gomez, Esquire
Florida Bar No.: 0338620
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4797
TGomez@ForThePeople.com
DGagliano@ForThePeople.com
*Attorney for Plaintiff*